NO. 07-02-0011-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 19, 2003

_____

CRESTHAVEN NURSING RESIDENCE; CANTEX
HEALTHCARE CENTERS D/B/A CRESTHAVEN
NURSING RESIDENCE; BRATEX, INC.; GAMTEX,
INC.; MEDCO MEDICAL SERVICES; ONTEX, INC.;
AMLON U.S.A., INC., APPELLANTS

V.

DEBORAH FREEMAN, INDIVIDUALLY, AND ON BEHALF
OF THE ESTATE OF WANDA GRANGER, ET AL., APPELLEES

_____

FROM THE 60TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. B155491; HONORABLE GARY SANDERSON, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]


**ON MOTION FOR REHEARING**


Appellants Cresthaven Nursing Residence, Cantex Healthcare Centers d/b/a

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Cresthaven Nursing Residence, Bratex, Inc., Gamtex, Inc., Medco Medical Services, Ontex, Inc., and Amlon U.S.A., Inc. have filed a motion for rehearing of our February 5, 2003 opinion in this cause.

In their motion, without waiving their right to seek review by the supreme court of all the issues they presented and which we discussed in our prior opinion, they present two issues for our decision. Those issues are:

> 1. Whether the court's opinion conflicts with the Texas Supreme Court's holding in *Columbia Hospital Corporation v. Moore,* 92 S.W.3d 470 (Tex. 2002) that prejudgment interest on damages subject to the limitation on civil liability for damages under section 11.02(a) of article 4590i of the Texas Revised Civil Statutes, is included within that damages cap.

> 2. Whether the cap amount is calculated by adjusting the $500,000 statutory limitation by the Bureau of Labor Statistics' consumer price index identified as "CPI-W," the index for urban wage earners and clerical workers, rather than the consumer price index identified as "CPI-U," the consumer price index for all urban consumers, pursuant to section 11.01 of article 4590i.

We have also asked for, and received, a response to appellants' motion from appellees. *See* Tex. R. App. P. 49.2.

Because our disposition of appellants' first issue does conflict with the decision of the supreme court in *Columbia Hospital Corporation,* which was decided after this appeal was perfected, we are obligated to answer both the questions affirmatively. Accordingly, appellants' motion for rehearing is granted to that extent. The parties have agreed that if this motion is granted, the adjusted damage cap applicable to the judgment would be $1,413,008.13. They have also agreed that the amount of $1,413,008.13 was calculated

2

by adjusting the $500,000 statutory limitation by the Bureau of Labor Statistics' consumer price index identified as "C.P.I.-W," the index for urban wage earners and clerical workers, rather than the consumer price index identified as "C.P.I.-U," the consumer price index for all urban consumers, pursuant to section 11.01 of article 4590i.

We remain satisfied with the disposition and discussion of the issues presented in this appeal, with the exception of that portion of the opinion to which the motion for rehearing was directed. Accordingly, we grant appellants' motion for rehearing as provided above.

A portion of the decretal provision of the judgment of the trial court is modified to provide that appellees recover damages in the amount of $1,413,008.13 from appellants Cresthaven Nursing Residence; Cantex Healthcare Centers d/b/a Cresthaven Nursing Residence; Bratex, Inc.; Gamtex, Inc., Medco Medical Services; Ontex, Inc.; and Amlon U.S.A., Inc., jointly and severally, in the amount of $1,413,008.13, together with interest thereon at the rate of 10% per annum from August 30, 2001, until paid. Tex. R. App. P. 43.2. As modified, the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice